IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHESHIER & FULLER, L.L.P., | § | |
| | § | Appeal from the United States |
| *Appellants*, | § | Bankruptcy Court, Eastern District |
| | § | of Texas, Tyler Division, |
| | § | Adversary Proceeding No. 00-6068 |
| v. | § | |
| | § | 6:06CV35 |
| | § | |
| SECURITIES INVESTOR PROTECTION | § | |
| CORPORATION | § | |
| | § | |
| *Appellee*. | § | |

## AMENDED MEMORANDUM OPINION AND ORDER

_____On this day came on to be considered the instant interlocutory appeal in a bankruptcy

case.  After careful consideration,[1] the Court is of the opinion that the following order should

issue.

### PROCEDURAL HISTORY

The Appellants, Cheshier & Fuller, L.L.P.(hereinafter "C&F"), filed the instant appeal

concerning the Bankruptcy Court's refusal to grant their Motion to Enforce Settlement

Agreement.  More specifically, the Appellants contend that the Appellees, Securities Investor

Protection Corporation (hereinafter "SIPC"), entered into a settlement agreement because

CPA Mutual, purportedly "accepted" an offer made by SIPC.

---

[1]   The Court certifies that it is sufficiently familiar with the record in this case, and it hereby determines that the case can be completed without prejudice to the involved parties  pursuant to Federal Rule of Bankruptcy 9028 and Federal Rule of Civil Procedure 63.

The Bankruptcy Court held a hearing on this matter, and the Appellants' Motion to Enforce Settlement Agreement.  This appeal relates solely to the issue of whether the Bankruptcy Court's denial of the Settlement Motion was correct.

### BACKGROUND

Sunpoint was a securities broker based in Longview, Texas.  The Appellants audited the financial statements of Sunpoint for the fiscal years ending October 31, 1997, and October 31, 1998.  During the Sunpoint audits, the Appellants allegedly committed several acts of malpractice that allegedly resulted in more than $25 million in losses to Sunpoint, its customers, and SIPC.

On November 19, 1999, the Securities and Exchange Commission filed a complaint against Sunpoint, Van Lewis, and Mary Ellen Wilder (hereinafter "SEC Action") in the United States District Court for the Eastern District of Texas, Tyler Division.  SIPC intervened in the SEC Action and filed its application for a protective decree, pursuant to 15 U.S.C. § 78eee(b)(1), to commence a liquidation proceeding to protect the customers of Sunpoint (hereinafter "SIPC Application").  On November 19, 1999, Sunpoint filed a Consent in the District Court consenting to the relief requested pursuant to the SIPC Application, including the appointment of a trustee.  On November 19, 1999, the District Court issued a Protective Order pursuant to 15 U.S.C. § 78eee(b), finding, among other things, that Sunpoint's customers were in need of the protections afforded by SIPA and appointing Robert G. Richardson as trustee for the liquidation of the business of Sunpoint.

The Protective Order further established Adversary No. 99-6073, a liquidation proceeding under SIPA (hereinafter "Liquidation Proceeding"), which has been referred to the Bankruptcy Court.

SIPC and the Trustee filed the C&F adversary cause of action on September 1, 2000, in which they asserted claims against the Appellants for negligence and negligent misrepresentations arising from the Appellants' role in the Sunpoint Audits. SIPC sued to recover losses suffered by SIPC in its corporate capacity and on behalf of Sunpoint's customers, pursuant to SIPC's role as subrogee for customers under SIPA. The Trustee, on the other hand, separately asserted claims against the Appellants to recover damages suffered by Sunpoint in its corporate capacity and as bailee of customer property.

The C&F adversary cause of action, which is still pending, was tried before the Bankruptcy Court starting October 17, 2005, and ending with closing arguments on November 22, 2005.

On October 16, 2005, SIPC sent their Settlement Offer to counsel for the Appellants. In the SIPC Settlement Offer, they offered to settle only the claims that SIPC asserted in the C&F adversary cause of action against the Appellants. (SIPC Settlement Offer at 1–2). The terms of the offer clearly stated that the offer was made "only on behalf of SIPC, and ***not any other parties, including Robert G. Richardson, Trustee*** for the liquidation of Sunpoint Securities, Inc., a co-plaintiff in the Lawsuit." (SIPC Settlement Offer at 2).

3

On October 20, 2005, counsel for CPA Mutual sent to counsel for SIPC the CPA Mutual Letter in which ***CPA Mutual*** (not the Appellants) agreed to settle all claims asserted against the Appellants by SIPC, ***but only if*** the release had the:

> ***additional effect*** of extinguishing SIPC's right to recover those damages, whether directly from the Defendants, or indirectly by claiming those same damages from a third party (e.g., the Trustee) who, in turn, may seek to recover those damages from Defendants and then to pay such damages over to SIPC. CPA Mutual's acceptance of your offer is made only with the understanding that SIPC will provide a Release which meets these essential prerequisites of the Stowers doctrine.

(CPA Mutual Letter at 2).  Thus, the CPA Mutual Letter clearly demanded a condition that SIPC had not offered.  In fact, SIPC expressly excluded such condition from the SIPC Settlement Offer.

On October 21, 2005, SIPC advised counsel for the Appellants that SIPC did not agree to the additional settlement terms proposed in the CPA Mutual Letter.  SIPC rejected the counteroffer contained in the CPA Mutual Letter.

_____Following the expiration of the SIPC Settlement Offer, and SIPC's rejection of the counteroffer in the CPA Mutual Letter, two separate proceedings have been instituted.

First, the Appellants filed the instant appeal after the Bankruptcy Court found that the record demonstrated that the Appellants had not accepted the SIPC Settlement Offer.  The Bankruptcy Court further rejected the Appellants' suggestion that SIPC and the Trustee were asserting identical claims, noting:

> the fact that these two distinct entities are using the same measure of damages, it doesn't make it the same claim. . . . [CPA Mutual's counsel is] ***under the***

4

*mistaken assumption* that he thinks that the distinctions between SIPC and the estate of Sunpoint Securities, Inc., are illusory and *that all of the claims asserted against these defendants in this case are owned and/or controlled by SIPC*.

\*\*\*

I think that CPA Mutual now understand that that's factually and legally wrong.   And *it's actually contrary, by the way, to the defendants own pleadings in this case in which it distinguishes the two*.

\*\*\*

And *the Court will decide them* [the claims of SIPC and the Trustee] *separately and on the basis of their own merits or capacity* or ability to bring them and to prevail upon them.

(November 22 Hearing transcript at 162–64).  Accordingly, the Bankruptcy Court found that SIPC's offer to settle its claims did not include an offer to settle the Trustee's separate claims, and that no settlement agreement had been reached between SIPC and the Appellants.

The second proceeding relating to the SIPC Settlement Offer is a declaratory judgment action that CPA Mutual instituted in the District Court against SIPC on November 15, 2005 ("CPA Mutual Declaratory Judgment Action").  In that action, CPA Mutual seeks a ruling on the same issue presented in this appeal—whether the CPA Mutual Letter constituted an acceptance of the SIPC Settlement Offer.[2]

## STANDARD OF REVIEW

## I.  Factual Findings of the Bankruptcy Court:

The standard of review for factual findings made by the bankruptcy court is found in Bankruptcy Rule 8013: "[f]indings of fact, whether based on oral or documentary evidence,

---

[2]     The Court pauses to note that the ruling on the instant appeal will likely be dispositive of the duplicitous CPA Mutual Declaratory Judgment Action due to principles of *res judicata.*

5

shall not be set aside unless clearly erroneous."  As a corollary of that review standard, "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."  Case law supports the rule's statement that broad deference is to be given the findings of the bankruptcy court under the clearly erroneous standard.  In discussing the meaning of the clearly erroneous standard, the United States Court of Appeals for the Fifth Circuit has stated that there are guidelines to be followed by the district court:

> [t]he foremost of these principles...is that "[a] finding is clearly erroneous when although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed". . . This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently.

*See, e.g., Matter of Luce*, 960 F.2d 1277, 1280 (5th Cir. 1992) (citation omitted); *Matter of Webb*, 954 F.2d 1102, 1103-1104 (5th Cir. 1992); *Matter of T.B. Westex Foods, Inc*., 950 F.2d 1187, 1190 (5th Cir. 1992) (citations omitted).

Additionally, the court stated that plausibility of the findings in view of the entire records is a key factor, and that a reversal of the Bankruptcy Court's decision is not merited merely because the reviewing court would have decided the case differently had it been presiding as the fact finder:  "[w]here there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous.  *Id*.

Whether two parties have entered into a contract is an issue of fact.  *Casielles v. Taylor Rolls Royce, Inc.*, 645 F.2d 498, 502 (5th Cir. 1981).  Thus, the Bankruptcy Court's determination that the Appellants failed to accept the SIPC Settlement Offer should be upheld unless it is shown to be clearly erroneous.  *Id*.

## II.  Conclusions of Law:

In contrast to the clearly erroneous standard of review for findings of fact, conclusions of law reached by the bankruptcy court are to be given *de novo* review by this Court.  *Luce*, 960 F.2d at 1280 (*citing Jordan v. Southeast Nat'l Bank (In Re Jordan)*, 927 F.2d 221, 223-224 (5th Cir. 1991))**.**

## III.  Contract Law:

Principles of contract law apply to the determination of whether a settlement agreement exists.  *Cothron Aviation, Inc. v. Avco Corp.*, 843 S.W.2d 260, 263-265 (Tex. App. – Ft. Worth 1992, writ denied).  There must be an offer, a meeting of the minds, and an unequivocal acceptance.  *Critchfield v. Smith*, 151 S.W.3d 225, 233 (Tex. App. – Tyler 2004, pet. denied).

### ANALYSIS

In this case, the Bankruptcy Court examined the facts in the record and properly denied the Motion to Enforce Settlement for several reasons.  First, the record unequivocally shows that the Appellants never accepted the SIPC Settlement Offer.  Rather, the only response SIPC received came from CPA Mutual, who was not the offeree and was not entitled to accept the SIPC Settlement Offer.  Second, to the extent CPA Mutual could have accepted the offer on behalf of the Appellants, it chose not to do so.  Instead, the CPA Mutual Letter offered new terms and sought a broader release than was set forth in the SIPC Settlement Offer.  Thus, the CPA Mutual Letter was, at best, a counter-offer to the SIPC Settlement Offer.

The Appellees contend that:

Appellants and CPA Mutual have engaged in wasteful, duplicitous, and to use the Bankruptcy Court's words, "coy" litigation based on frivolous legal arguments and unfounded accusations against SIPC and the Trustee in an apparent attempt to "enforce" an agreement that never existed.

After reviewing the record in this case, the Court agrees.  As the Bankruptcy Court properly stated earlier, this is a "first semester of law school" issue.  As such, it warrants no further discussion.

It is therefore

**ORDERED, ADJUDGED and DECREED** that the Bankruptcy Court's Memorandum of Decision in the above-styled and numbered appeal is hereby **AFFIRMED**.[3]

It is further

**ORDERED** that all motions not previously ruled upon are hereby **DENIED**.

It is further

**ORDERED** that this case is **CLOSED.**

**IT IS SO ORDERED.**
**SIGNED this 6th day of July, 2006.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

---

[3] This *Amended Order* is the result of the Court's consideration of the Appellants' *Motion to Alter or Amend the Court's May 31, 2006 Memorandum Opinion* (Docket No.22).  The Appellant's motion to alter or amend is hereby **GRANTED,** with the sole exception of their fourth point of error.